UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| INTERFAITH CENTER ON CORPORATE RESPONSIBILITY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KEN PAXTON, in his official capacity as Attorney General of Texas,<br><br>Defendant. | No. 25-cv-01803-ADA-SH |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26(f) REPORT**

Plaintiffs Interfaith Center on Corporate Responsibility, United Church Funds, and Ceres Inc. (collectively Plaintiffs), and Defendant Ken Paxton, in his official capacity as Attorney General of Texas, jointly file this Federal Rule of Civil Procedure 26(f) report in conformance with Local Rule CV-16.

**1.     What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

<u>Plaintiffs' Position.</u> Plaintiffs' Complaint challenges the constitutionality of Texas Senate Bill 2337 (SB 2337), 89th Leg., Reg. Sess. (Tex. 2025) (codified at Tex. Bus. Orgs. Code tit. 1, ch. 6A) (the Act). In general terms, the Act requires "proxy advisors" to speak negatively about their recommendations that consider ESG, DEI, and other so-called "nonfinancial factors," including any advice that opposes management's recommendation on a proposal. While this Court has already recognized the Act's constitutional defects in preliminarily enjoining enforcement against two proxy advisory firms (Order, *Institutional Shareholder Services Inc. v. Paxton* (*ISS*), No. 25-cv-01160-ADA (W.D. Tex. Aug. 29, 2025); Order, *Glass, Lewis & Co. v.*

1

*Paxton* (*Glass Lewis*), No. 25-cv-01153-ADA (W.D. Tex. Aug. 29, 2025)), the Act also extends to entities like Plaintiffs that merely do "research" or "analysis" regarding proxy proposals, regardless of whether they make recommendations.

Plaintiffs sue Defendant Ken Paxton in his official capacity as the Attorney General of Texas, the Texas official charged with enforcing the Act. Plaintiffs bring two claims: (1) SB 2337 violates the First Amendment because it is a content- and viewpoint-based speech restriction that does not withstand strict scrutiny and (2) SB 2337 is unconstitutionally vague because it relies on undefined terms whose meanings are politically charged and hotly debated.

*Elements of Plaintiffs' First Amendment claim.* Content-based regulations are "presumptively unconstitutional," *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015), and are subject to strict scrutiny, *Free Speech Coal., Inc. v. Paxton*, 606 U.S. 461, 471 (2025). Strict scrutiny requires "a restriction to be the least restrictive means of achieving a compelling governmental interest." *Id.* at 484 (quoting *City of Boerne v. Flores*, 521 U.S. 507, 534 (1997)).

The government engages in viewpoint discrimination "when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction" on speech. *Rosenberger v. Rector and Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995). A finding of viewpoint bias is the "end[ of] the matter," without even a need to apply strict scrutiny. *Iancu v. Brunetti*, 588 U.S. 388, 399 (2019).

*Elements of Plaintiffs' Vagueness claim.* "A law is unconstitutionally vague if it (1) fails to provide those targeted by the statute a reasonable opportunity to know what conduct is prohibited, or (2) is so indefinite that it allows arbitrary and discriminatory enforcement." *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1013 (5th Cir. 2024) (footnote omitted).

Defendant's Position. Plaintiffs cannot establish standing to pursue their claims against the Attorney General. Specifically, Plaintiffs cannot establish an injury in fact because Plaintiffs cannot establish that there is a credible threat of prosecution for their intended course of action.

Even if Plaintiffs had standing, SB 2337 is constitutional. *First*, the act does not violate the First Amendment. The act concerns commercial speech that is false or misleading, and the U.S. Constitution does not protect such speech. But even if the speech at issue is not false or misleading, the act passes any level of scrutiny under the First Amendment. Texas has compelling state interests in preventing consumer fraud, protecting Texas businesses, and promoting economic development within the State, and SB 2337 is narrowly tailored to achieve those interests. Plaintiffs certainly cannot sustain their facial attack against SB 2337 because they cannot establish that its unconstitutional applications outweigh its constitutional applications. *Second*, the act is not void for vagueness. It provides those subject to the act with fair notice of what conduct the act prohibits and requires and there is no risk of arbitrary or discriminatory enforcement. Finally, even if the Court were to find portions SB 2337 unenforceable for any reason, the act is easily severable, and the Court should sever the unenforceable portions and leave the remaining portions intact and enforceable.

2.  **Are there any outstanding jurisdictional issues?**

Plaintiffs' Position. There are no outstanding jurisdictional issues.

Defendant's Position. The Attorney General believes that Plaintiffs lack standing to assert their claims.

3.  **Are there any unserved parties?**

No.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

   Plaintiffs' Position. Plaintiffs filed their motion for summary judgment on January 7, 2026. As set forth in that motion, the adjudication of Plaintiffs' motion requires few material facts, none of which are subject to genuine dispute. Plaintiffs are willing to discuss with Defendant stipulating to some of these facts.

   Defendant's Position. The Attorney General is unaware of the potential for any such agreements but is certainly will to discuss potential stipulations with Plaintiffs.

5. **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

   Plaintiffs' Position. Plaintiffs filed their motion for summary judgment on January 7, 2026. Plaintiffs believe all legal issues in this case can be resolved by a decision on Plaintiffs' motion.

   Defendant's Position. The Attorney General is unaware of any such issues.

6. **Are there any issues about preservation of discoverable information?**

   Plaintiffs' Position. Plaintiffs filed their motion for summary judgment on January 7, 2026. As set forth in that motion, the adjudication of Plaintiffs' motion requires few material facts, none of which are subject to genuine dispute. Plaintiffs believe that this matter may be resolved on Plaintiffs' motion without discovery.

   Defendant's Position. The Attorney General is unaware of any such issues.

7. **Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

   Plaintiffs' Position. Plaintiffs filed their motion for summary judgment on January 7, 2026. As set forth in that motion, the adjudication of Plaintiffs' challenge to the constitutionality

of SB 2337 requires few material facts, none of which are subject to genuine dispute. Plaintiffs believe that this matter may be resolved on Plaintiffs' motion without discovery.

<u>Defendant's Position</u>. The Attorney General is unaware of any issues about the preservation of discoverable information at this stage of the proceedings.

**8.    What are the subjects on which discovery may be needed?**

<u>Plaintiffs' Position</u>. Plaintiffs filed their motion for summary judgment on January 7, 2026. As set forth in that Motion, the adjudication of Plaintiffs' challenge to the constitutionality of SB 2337 requires few material facts, none of which are subject to genuine dispute. Plaintiffs believe that this matter may be resolved on Plaintiffs' motion without discovery.

<u>Defendant's Position</u>. Plaintiffs have lodged a facial attack on SB 2337, which requires a complete record. Discovery will be necessary before the Attorney General can fully address Plaintiffs' motion for summary judgment.

The Attorney General anticipates needing discovery on (but not limited to) the following:

- Plaintiffs corporate structure and ownership;
- The nature of Plaintiffs' businesses;
- Plaintiffs' methodologies and models that relate to its businesses;
- Plaintiffs' agreements with its clients;
- Compensation that Plaintiffs receive for their services;
- Information about Plaintiffs' client base;
- Plaintiffs' communications with its clients;
- Plaintiffs' understanding of the key provisions and terms of SB 2337

**9.    Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

<u>Plaintiffs' Position</u>. Initial disclosures have not been made. Plaintiffs filed their motion for summary judgment on January 7, 2026. As set forth in that motion, the adjudication of Plaintiffs' challenge to the constitutionality of SB 2337 requires few material facts, none of which are subject to genuine dispute. Plaintiffs believe that this matter may be resolved on Plaintiffs' motion without discovery.

5

<u>Defendant's Position</u>. Neither party has made initial disclosures. The Attorney General; however, is ready to make his initial disclosures any time the Court requires.

10. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

<u>Plaintiffs' Position</u>. No discovery has yet been conducted or completed. Plaintiffs filed their motion for summary judgment on January 7, 2026. As set forth in that motion, the adjudication of Plaintiffs' challenge to the constitutionality of SB 2337 requires few material facts, none of which are subject to genuine dispute. Plaintiffs believe that this matter may be resolved on Plaintiffs' motion without discovery.

<u>Defendant's Position</u>. In accordance with Rule 26, there's been no discovery completed. To develop the record and respond to Plaintiffs' pending motion for summary judgment, the Attorney General would like to obtain documents relevant to the issues in Plaintiffs' motion and depose Plaintiffs' corporate representative(s). This could take place in the next three (3) to four (4) months.

11. **What, if any, discovery disputes exist?**

<u>Plaintiffs' Position.</u> Plaintiffs are not aware of any discovery disputes at this time.

<u>Defendant's Position.</u> There are no pending discovery disputes; however, Plaintiffs maintain that no discovery is needed for the Court to decide the issues in the case, and the Attorney General believes that some discovery is needed.

12. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

<u>Plaintiffs' Position</u>. The parties have not discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502. Plaintiffs filed their motion for summary judgment on January 7, 2026. As set forth in that Motion, the adjudication of Plaintiffs' challenge

to the constitutionality of SB 2337 requires few material facts, none of which are subject to genuine dispute. Plaintiffs believe that this matter may be resolved on Plaintiffs' motion without discovery.

      Defendant's Position. The parties have not discussed this.

**13.    Have the parties discussed early mediation?**

      Plaintiffs' Position. The parties have not discussed mediation at this stage. Plaintiffs believe that this matter may be resolved on Plaintiffs' motion for summary judgment without discovery. Given the nature of this dispute—a challenge to the constitutionality of a state statute—Plaintiffs do not see a prospect for mediation before a ruling on Plaintiffs' motion for summary judgment.

      Defendant's Position. The parties have not discussed mediation, and the Attorney General believes that mediation would be unfruitful.

**14.    Have the parties considered entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

      Plaintiffs' Position. Plaintiffs believe that this matter may be resolved on Plaintiffs' motion for summary judgment without discovery and therefore do not believe the entry of a protective order is necessary. If the Court orders discovery, the parties may require a protective order for the production of confidential information protected by law or confidential proprietary information.. Should such an order be necessary, the parties will submit a proposed protective order substantially similar to the protective orders entered in *Glass, Lewis & Co., LLC v. Paxton*, Civil Action No. 25-cv-01153-ADA (W.D. Tex.) (ECF No. 56) and *Institutional Shareholder Services Inc. v. Paxton* , No. 25-cv-01160-ADA (ECF No. 66).

      There are no scheduling or discovery items requiring the Court's attention.

   <u>Defendant's Position</u>. The parties have not discussed a protective order. The Attorney General is certainly willing to negotiate an agreed protective order with Plaintiffs.

| Dated: February 2, 2026 | Respectfully submitted, |
|---|---|
| *Counsel for Plaintiffs* | *Counsel for Defendant* |
| Ketan U. Kharod<br>Texas Bar No. 24027105<br>Mary Whittle<br>Texas Bar No. 24033336<br>Mark Guerrero<br>Texas Bar No. 24032377<br>GUERRERO & WHITTLE, PLLC<br>2905 San Gabriel Street, Suite 309<br>Austin, TX 78705<br>(512) 610-2300 phone<br>ketan@gwjustice.com<br>mary@gwjustice.com<br>mark@gwjustice.com<br><br>*/s/ Jennifer Fountain Connolly*<br>Jennifer Fountain Connolly+<br>Tsuki Hoshijima+<br>Victoria S. Nugent+<br>Skye L. Perryman +<br>Democracy Forward Foundation<br>P.O. Box 34553<br>Washington, DC 20043<br>Phone: (202) 448-9090<br>Fax: (202) 796-4426<br>jconnolly@democracyforward.org<br>thoshijima@democracyforward.org<br>vnugent@democracyforward.org<br>sperryman@democracyforward.org<br><br>*Counsel for Plaintiffs*<br>[+] Admitted *pro hac vice* | KEN PAXTON<br>Attorney General<br><br>BRENT WEBSTER<br>First Assistant Attorney General<br><br>RALPH MOLINA<br>Deputy First Assistant Attorney General<br><br>AUSTIN KINGHORN<br>Deputy Attorney General for Civil Litigation<br><br>KIMBERLY GDULA<br>Chief, General Litigation Division<br><br>/s/ *C. Lee Winkelman*<br>C. Lee Winkelman<br>State Bar No. 24042176<br>Assistant Attorney General<br>Office of the Attorney General<br>General Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>Telephone: (737) 231-7737<br>Facsimile: (512) 320-0667<br>lee.winkelman@oag.texas.gov |

## CERTIFICATE OF SERVICE

      I certify that on February 2, 2026, I caused a copy of the foregoing document to be served to all counsel of record by the Electronic Case Filing System for the United States District Court for the Western District of Texas.

                                                          */s/ Ketan U. Kharod*
                                                          Ketan U. Kharod