# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| INTERFAITH CENTER ON<br>CORPORATE RESPONSIBILITY,<br>UNITED CHURCH FUNDS, and<br>CERES, INC.<br>　　*Plaintiff*, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 1:25-cv-01803-ADA-SH |
| KEN PAXTON, in his Official Capacity as<br>Attorney General of Texas,<br>　　*Defendant*, | §<br>§<br>§<br>§ | |

## DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DEFER OR DENY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56(d)

Defendant, Ken Paxton, in his official capacity as Attorney General of Texas ("Defendant" or "Attorney General") replies to Plaintiffs' response ("Response") (ECF No. 32) to Defendant's Motion to Defer or Deny Plaintiffs' Motion for Summary Judgement Pursuant to Rule 56(d) ("Motion") (ECF No. 30):

**A. The Attorney General has met his burden under Rule 56(d).**

Plaintiffs' chief argument is that Defendant has not adequately identified the specific information he needs in discovery and why that specific information will make a difference in the outcome of Plaintiffs' summary judgment. (*See* ECF No. 32, p. 11). Rule 56(d), however, requires only that the Attorney General show "by…declaration that, for specified reasons, [he] cannot present facts essential to justify his opposition." Fed. R. Civ. P. 56(d). The only specificity requirement in Rule 56(d) has to do with the reasons the nonmovant is unable to present essential facts. Nevertheless, in his Motion, the Attorney General identified that due to the complete lack of discovery on a number of specific facts such as the nature and details of Plaintiffs' business, the nature and details of Plaintiffs' alleged protected speech, and Plaintiffs' own understanding of key provisions in SB 2337, the Attorney General is unable to present facts that would controvert those set out in Plaintiffs' motion for summary judgment. (*See* ECF No. 30-1).

For example (*see* ECF No. 30, p. 10): SB 2337 applies only to speech about companies that (1) are incorporated in Texas, (2) have their principal place of business in Texas, or (3) have proposed to become a Texas company. SB 2337 § 6A.001(1). Plaintiffs claim that SB 2337 applies to them. But if Plaintiffs do not engage in speech about "companies" so-defined, SB 2337 does not apply to them, and they have no standing for any of their claims. *See e.g., FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 234-35 (1990). Plaintiffs' motion for summary judgment does not clearly

establish that they engage in speech about or provide services in connection with "companies" as defined by SB 2337. There has been no discovery in this case, so it is difficult to know what the discovery will show, but the Attorney General hopes to engage in discovery concerning Plaintiffs' business practices to establish that Plaintiffs do not provide proxy advisory services concerning "companies," which would be fatal to their claims.

In addition, as discussed in Defendants' Motion, the Attorney General should be allowed to conduct discovery to determine whether the speech Plaintiffs engage in is false or misleading or whether it is worthy of protection under the First Amendment. (ECF No. 30, p. 11). Plaintiffs argue that there is no plausible basis to believe that all of Plaintiffs' speech is fraudulent, which is what the Attorney General must show under Rule 56(d). (*See* ECF No. 32, p. 10). *First*, this is not true. The legislative findings supporting SB 2337, which were not limited to ISS and Glass Lewis, concerned allegations of rampant fraud in the proxy advisor industry. SB 2337 is an anti-fraud statute—which provides at least a plausible basis for believing Plaintiffs *may* engage in fraudulent speech. *Second*, the Attorney General is not required to show that *all* of Plaintiffs' speech is fraudulent. It is Plaintiffs' burden to establish that every application of SB 2337 is unconstitutional. This includes its application to fraudulent speech—even if that is a small subset of Plaintiffs' speech. Thus, the Attorney General is entitled to engage in discovery on what advice Plaintiffs are giving their customers and whether that advice has a factual basis, i.e., whether Plaintiffs speech if fraudulent, before responding to Plaintiffs' motion for summary judgment.

Furthermore, Plaintiffs' have supported their motion for summary judgment with evidence that is in their exclusive possession,[1] namely the testimony of their corporate representatives

---

[1] Yet, Plaintiffs still argue that most of the discovery the Attorney General seeks in his exclusive possession. (*See* ECF No. 32, p. 7). This is far from the case.

concerning the details of Plaintiffs' businesses including the advisory services Plaintiffs provide and the compensation Plaintiffs receive for their services, the details of Plaintiffs' alleged protected speech, and Plaintiffs understanding of the key terms of SB 2337. (*See* ECF Nos. 25-1, 25-2, and 25-3). Plaintiffs specifically use this testimony throughout their motion for summary judgment to support their arguments that they have standing (*see* ECF No. 25, pp. 13, 19), that SB 2337 is unconstitutionally vague[2] (*see id.*, pp. 22-23), and that SB 2337 has caused them irreparable injury (*see id.*, p. 24).

The Attorney General is not required to just take Plaintiffs at their word and hopes—through discovery—to obtain evidence controverting Plaintiffs' testimony. Indeed, it would be fundamentally unfair to allow Plaintiffs to rely on this untested evidence to advance their motion for summary judgment, but at the same time, deny the Attorney General the opportunity to question Plaintiffs' witnesses on their testimony or otherwise deny any discovery to controvert this testimony. If Plaintiffs truly believed that no discovery was necessary to decide the issues in this case they could have easily filed their motion for summary judgment with no evidence attached to it—they chose not to and instead chose to rely on evidence that is within their exclusive control to establish their claims. They cannot now argue with any sort of intellectual honesty or integrity that the Attorney General should be required to respond to their motion without the benefit of any discovery whatsoever when they are relying on summary judgment evidence to support their motion.

---

[2] Yet, Plaintiffs argue in their Response that "[d]etermining whether the Act is unconstitutionally vague…has nothing to do with Plaintiffs' subjective interpretation of the statutory text." (ECF No. 32, p. 9). If this is what Plaintiffs believe, then it is difficult to imagine why Plaintiffs attempt to bolster their vagueness argument with testimony about Plaintiffs' subjective interpretation of the statutory text. At the very least, this entitles the Attorney General to be able to question Plaintiffs' witnesses and controvert their testimony.

**B. Rule 56(d) motions are favored and should be liberally granted—especially here.**

The Federal Rules of Civil Procedure provide that "[s]ummary judgment is appropriate only where the [nonmoving party] has had a full opportunity to conduct discovery." *Bailey v. KS Mgmt. Servs., LLC*, 35 F.4th 397, 401 (5th Cir. 2022); *see* Fed. R. Civ. P. 56. And "[s]ummary judgment is not appropriate until after the [nonmovant] has had a fair opportunity for discovery of information essential to its opposition to…[the] motion." *Lewis v. Fed. Res. Bank of Atlanta-New Orleans Branch*, No. Civ. A. 04-1452, 2004 WL 2035006, at *4 (E.D. La. Sep. 10, 2004). Consequently, Rule 56(d) "motions are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006); *see also Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) ("Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted.")

The Federal Rules allow for several dispositive motions, pre-discovery. *See, e.g.*, Fed. R. Civ. P. 12(c). To be sure, Federal Rule of Civil Procedure 56 presupposes that a party opposing summary judgment has had an adequate time for discovery of contradictory facts. *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, (5th Cir. 1995). Consequently, even though Rule 56(d) motions should be liberally granted, the summary-judgment nonmovant must still demonstrate why, after there has been an adequate time for discovery, additional discovery would be needed to controvert a motion for summary judgment. *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894-95 (5th Cir. 2013).

That, however, is not the case here: there has not been adequate time for discovery—there has been no time for discovery. What Plaintiffs are seeking is seemingly unprecedented. Indeed, the Attorney General has not located a single reported case where a Court has denied a party discovery

altogether to respond to a motion for summary judgment (or even one where this issue was raised, for that matter). Certainly, the Plaintiffs have not located such a case. Every case dealing with the issue in Plaintiffs' Response involve nonmovants seeking additional, as opposed to any, discovery. None involves nonmovants being denied discovery altogether.

To deny the Attorney General any discovery at all in this case would be fundamentally unfair, especially, as discussed above, because Plaintiffs are relying on evidence within their exclusive control to support their motion for summary judgment. The Attorney General has sufficiently met his burden under Rule 56(d) to demonstrate what he hopes to gain through discovery to controvert Plaintiffs' evidence. If Rule 56(d) motions are favored in general, fundamental fairness should tip the scales in the Attorney General's favor in this case.

### C. This Court has already granted similar motions in *ISS* and *Glass Lewis*.

Finally, in both related cases, *International Shareholder Services Inc. v. Paxton* (*ISS*), No. 25-cv-01160-ADA (W.D. Tex.) and *Glass Lewis & Co. v. Paxton* (*Glass Lewis*), No. 25-cv-01153-ADA (W.D. Tex.), this Court granted virtually identical motions to Defendant's present Motion even after some discovery in those cases. (*See ISS*, ECF No. 108, granting ECF Nos. 82 and 83; *Glass Lewis*, ECF No. 90, granting ECF Nos. 69, 70, and 85). The Court recognized that full and complete discovery was necessary to a fair adjudication of those cases. It is here as well, and there is even more reason to grant Defendant's Motion in this case: there has been absolutely no discovery in this case and Plaintiffs' burden in lodging a facial challenge to SB 2337 is far greater than the as-applied challenges ISS and Glass Lewis have raised.

*       *       *

In sum, the Court should deny Plaintiffs' motion for summary judgment. Alternatively, the Court should defer ruling on Plaintiffs' motion for summary judgment in accordance with Federal Rule of Civil Procedure 56(d) until the parties can complete discovery and develop a complete record. Further in the alternative, should the Court deny Defendant's request under Rule 56(d), he requests fourteen (14) days from the date of the denial to submit a full response to Plaintiffs' motion for summary judgment.

Dated: February 25, 2026          Respectfully submitted.


KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

*/s/ C. Lee Winkelman*
C. Lee Winkelman
State Bar No. 24042176
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (737) 231-7737
Facsimile: (512) 320-0667
lee.winkelman@oag.texas.gov

**Counsel for Defendant**

## CERTIFICATE OF SERVICE

I certify that a copy of the above pleading was served on February 25, 2026, upon all parties who have entered an appearance, using the CM/ECF system.

/s/ C. Lee Winkelman
C. LEE WINKELMAN
Assistant Attorney General